# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JOSHUA J. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV415-053 |
| ) | |
| LAUREN PURVIS, ) | |
| Assistant District Attorney; and ) | |
| JASON JONES, Public Defender, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

In this 42 U.S.C. § 1983 case, plaintiff Joshua J. Harris complains of defects in ongoing state court criminal proceedings against him. Doc. 1 at 5 (alleging that his right to a preliminary hearing was waived by his attorney without his knowledge and consent; also, he was indicted "on false grounds."). He seeks unspecified damages and prays for the dismissal of the state criminal case against him. *Id.* at 6.[1]

---

[1] As plaintiff is proceeding *in forma pauperis*, docs. 3, 4 & 5, the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether he has stated a plausible claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief; 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

To the extent Harris seeks immediate release from confinement, he is in substance bringing a 28 U.S.C. § 2241 habeas corpus action, not a § 1983 claim, for "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).[2] Still, *Heck's* bar to civil suits that necessarily imply the invalidity of incarceration only applies when there is an "extant

---

The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

[2] Thus, Harris cannot use § 1983 in place of habeas corpus:

> As the Supreme Court stressed in *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), we must "ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement -- either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81, 125 S.Ct. at 1247.

*Cooks v. Sec'y, Fla. Dep't. of Corrs.*, 599 F. App'x 940, 941 (11th Cir. 2015).

conviction" and not merely an "anticipated future conviction," *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (emphasis removed). Nevertheless, a district court can "stay [a] civil action [like this] until [Harris'] criminal case . . . is ended." *Wallace*, 549 U.S. at 393-94.

No stay is warranted here because Harris sues only the prosecutor and defense lawyer in his state criminal proceedings, and they are immune from suit. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006) ("[B]ecause [appointed counsel] was performing traditional lawyer functions in her representation of [plaintiff/defendant], she was not acting under color of state law. Therefore, [plaintiff/defendant] has no § 1983 cause of action against [appointed counsel] in connection with her representation of him."); *Imbler v. Pachtman*, 424 U.S. 409, 409 (1976) ("The common-law absolute immunity of judges for acts committed within their judicial jurisdiction . . . was found to be preserved under section 1983. . . .") (citations omitted). Hence, he fails to state a § 1983

3

claim in any event.[3]

Accordingly, plaintiff's Complaint must be **DISMISSED WITH PREJUDICE**. Given the facts pled and applicable law, an "amendment would be futile. This is not a circumstance where a carefully drafted complaint could state a claim for relief under § 1983." *Lee v. Alachua Cnty., Fla.*, 461 F. App'x 859, 860 (11th Cir. 2012); *see also Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity).

Meanwhile, Harris must pay his $350 filing fee. His furnished account information shows that he has had a $27.34 average monthly balance in his prison account during the past six months. Doc. 5. He therefore owes a $5.47 initial partial filing fee. *See* 28 U.S.C. § 1915(b)

---

[3] Note, for that matter, that an indictment (pled by plaintiff here) supplants the right to a preliminary hearing, thus neutralizing any due process claim. *Cobble v. Cobb Cnty. Police Dep't.*, 2014 WL 2219245 at * 3 (N.D. Ga. May 29, 2014) (holding, under *Cotton v. Jackson*, 216 F.3d 1328, 1330 (11th Cir. 2000) and *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994), that any due process deprivation arising from the lack of a timely preliminary hearing failed: "once indictment takes place probable cause has been established and a preliminary hearing serves no purpose.") (quotes and cite omitted).

(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this 27th day of May, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA